UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **KENDRA BAKER** individually, and on behalf of others similarly situated, | Case No. 2:21-cv-00073-JTN-MV |
| Plaintiff, | Hon. Janet T. Neff |
| vs. | Mag. Maarten Vermaat |
| **GLOBAL RESPONSE NORTH CORPORATION**, a Michigan corporation; **GLOBAL RESPONSE NORTH LLC**, a Michigan Limited Liability Company, and **GLOBAL RESPONSE LLC**, a Michigan Limited Liability Company, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT, APPROVAL OF CLASS NOTICE, AND SETTING FINAL APPROVAL HEARING**

This matter has come before the Court on the unopposed motion by Plaintiff Kendra Baker ("Plaintiff"), on behalf of herself and similarly situated employees of Defendants Global Response North Corporation, Global Response North, LLC, and Global Response LLC ("Defendants") (together, the "Parties"), for preliminary Approval of the parties' class and collective action Settlement Agreement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C section 201, *et seq*.

Plaintiff, without opposition by Defendants, seek an Order (1) preliminarily certifying the class and collective claims for settlement purposes only under the Federal Rules of Civil Procedure, Rule 23 ("Rule 23"), and 29 U.S.C, §§ 201, *et seq*.; (2) preliminarily approving the parties' Settlement; (3) preliminarily appointing Plaintiff as the representative of, and as counsel ("Class Counsel") for, the Settlement Class Members; (4) approving the parties' proposed form

for providing Notice of the Settlement to the Settlement Class Members and the form of the Exclusion Request for those Settlement Class Members wishing to be excluded from the Settlement; and (5) scheduling a hearing on the final approval of the Settlement and approval of the application of Class Counsel and Plaintiff for their requested attorneys' fees, costs, and service awards.

Having considered the papers filed in support of the motion, the arguments of counsel, and the law, the Court now enters this Order and **FINDS**, **CONCLUDES**, and **ORDERS** as follows:

1. All initial-capped terms contained herein, unless otherwise defined, shall have the same definitions as set forth in the Settlement Agreement, which is attached as Exhibit A to Plaintiff's unopposed motion for preliminary approval.

2. The Court hereby conditionally certifies the Settlement Class Members, and conditionally finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the Settlement Class Members meet the requirements for certification under Rule 23(a), (b), and (e). Accordingly, for purposes of approving this Settlement under Rule 23(a) and (b)(3), and 29 U.S.C. § 216(b), the Court finds: (a) the Settlement Class Members are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class Members; (c) certain claims of the named Plaintiff are typical of the claims of the Settlement Class Members; (d) the named Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members; (e) questions of law and fact common to the Settlement Class Members predominate over individual questions; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy in the context of settlement.

3. The Court therefore conditionally certifies, for settlement purposes only and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and 29 U.S.C. §§ 201, *et seq.*, the following Settlement Class:

> All current and former hourly Customer Service Representatives who worked for Defendants in Michigan at any time from July 12, 2018 through January 21, 2021, and who did not submit a timely and valid Request for Exclusion as provided in the Agreement.

4. The Court has considered the factors set forth under Rule 23(e), including: whether class counsel has adequately represented the class; whether the proposal was negotiated at arm's length; whether the proposal treats class members equitably relative to each other; and whether the relief provided to the class is adequate. In determining whether the relief is adequate, the Court has considered the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims; the terms of the proposed award of attorney's fees, including the timing of payment; and whether there was any agreement required to be identified under Rule 23(e)(3). Based on these considerations, the Court finds that, for purposes of preliminary approval, the proposed Settlement Agreement is fair on its face. The Court therefore finds, on a preliminary basis, that the proposed terms of the Settlement Agreement set forth in Exhibit A to Plaintiff's unopposed motion for preliminary approval are reasonable, and grants preliminary approval of the proposed Settlement.

5. The Court also finds, on a preliminary basis, that the Settlement is fair and reasonable to the Settlement Class Members when balanced against the probable outcome of further litigation relating to class and collective action certification, liability, and damages issues, and potential appeals of rulings. The Court further finds that significant investigation, research, litigation, and formal and informal discovery have been conducted such that counsel for the parties are able to reasonably evaluate their respective positions. The Court further finds that settlement at this time

will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation.

6. Based on a review of the papers submitted by the parties, the Court finds that the Settlement Agreement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims and become familiar with the strengths and weaknesses of the claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the proposed settlement is non-collusive. The Court finds on a preliminary basis that the Settlement is within the range of reasonableness of a settlement that could ultimately be given final approval by this Court, and hereby grants preliminary approval of the Settlement.

7. The Court conditionally appoints Plaintiff Kendra Baker to represent the Settlement Class Members for settlement purposes only.

8. The Court conditionally appoints Kevin J. Stoops, Charles R. Ash, IV and Alana Karbal of the law firm Sommers Schwartz, P.C. as Class Counsel for the Settlement Class Members for settlement purposes only.

9. The Court appoints Rust Consulting as the Settlement Administrator and preliminarily approves the allocated Settlement Administration Costs. The Settlement Administrator will prepare final versions of the Notice and Exclusion Request forms, incorporating the relevant dates and deadlines set forth in this Order and the Settlement Agreement, and will carry out the notice procedures set forth in the Settlement Agreement.

10. The Court concludes that the form of Notice at Exhibit A to the Settlement Agreement ([ECF No. 34-1 at 27](ECF No. 34-1 at 27)), as well as the procedure set forth in the Settlement Agreement for providing notice to the Settlement Class Members, will provide the best notice practicable under the facts and circumstances of this case. There is no alternative method of notice that would be more

practical or more likely to notify Settlement Class Members of the terms of the Settlement. The Notice to the Settlement Class fairly, plainly, accurately, and reasonably informs Settlement Class Members of: (a) the nature of the Action, the definition of the Settlement Class Members, the identity of Class Counsel, and the essential terms of the Settlement Agreement, including the plan of allocation of the Net Settlement Amount into Individual Settlement Awards; (b) the named Plaintiff's and Class Counsel's applications for the named Plaintiff's Class Representative Service Award, and Class Counsel's request for attorneys' fees and litigation costs; (c) how to participate in and receive proceeds under the Settlement; (d) how to object to or request exclusion from the Settlement; and (e) how to obtain additional information regarding the Action and the Settlement. The Court thus finds that the notice requirements for class and collective actions are satisfied.

11. In the event that the Effective Date of the Settlement Agreement occurs: all Settlement Class Members will be deemed to have forever released and discharged the claims set forth in paragraph 23 of the Settlement Agreement (the "Released Claims"); and all Settlement Class Members who cash an Individual Settlement Award check as a FLSA Opt-In will be deemed to have forever released and discharged the FLSA claims as set forth in the Settlement Agreement. To that end, the Settlement Administrator shall issue two settlement checks to each Settlement Class Member. One check will be as compensation for the asserted Rule 23 claims, and the other (in an amount of 42.5% of the Individual Settlement Amount) for a release of the FLSA claim, as set forth in paragraph 42 of the Settlement Agreement.

12. Any Settlement Class Member who intends to object to final approval of the Settlement or Class Counsel's motion for fees and costs must submit an objection to the Settlement Administrator within 45 calendar days following the mailing of the Class Notice and in the manner set forth in the Settlement Agreement and Notice. If a Class Member opts out of the Settlement

after timely filing and serving an objection, then his/her objection will be moot. However, Class Members who timely file and serve an objection may be heard at the Final Approval Hearing, either personally or through their counsel.

13. The parties and Settlement Administrator are ordered to provide notice of the Settlement to the Settlement Class Members according to the terms of paragraph 41 of the Settlement Agreement and in conformity with this Order, including:

  a) No more than fourteen (14) calendar days after entry of this Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the Class Information for purposes of mailing Notice Packets to Class Members.

  b) No more than fourteen (14) calendar days after receiving the contact information for the Settlement Class Members, the Settlement Administrator shall send the Notice and Opt-Out Request forms to the Settlement Class Members via U.S. Mail and email (to the extent Defendants have a valid email addresses for the Class Members).

  c) The Notice will inform the Settlement Class Members that unless they file a request to be excluded from the Settlement within 45 days after the mailing of the Notice: they will become Settlement Class Members; they will receive Individual Settlement Awards under the Agreement; they will be bound by the release of claims set forth in the Notice and the Settlement Agreement; and if they cash their Individual Settlement Award check for the FLSA payment, they will thereby opt into the FLSA Settlement Collective and release the FLSA claims.

  d) The Class Notice will inform Class Members of their right to request exclusion from the Settlement and the procedure for doing so.

e) The Class Notice will inform Class Members of their right to object to the Settlement and the procedure for doing so.

f) The Class Notice shall include a general explanation for how the Individual Settlement Awards will be calculated.

g) If any Notice mailed to any Settlement Class Member is returned as undeliverable, the Settlement Administrator will attempt one trace to locate a correct address and, if located, will make a second attempt at mailing the Class Notice or, if not located and a personal email address is available, will send a Class Notice to the Settlement Class Member's personal email address. If the Notice is again returned as undeliverable, no further attempts at delivery will be necessary. All Class Members' names and postal mail addresses obtained through these sources shall be protected as confidential and not used for purposes other than the notice and administration of this Settlement. The address determined by the Settlement Administrator as the current mailing address shall be presumed to be the best mailing address for each Class Member.

h) The Settlement Administrator shall maintain a log detailing the instances Class Notices are returned as undeliverable, re-mailed, emailed, and, when applicable, returned again. The re-mailing or emailing of the Class Notice will not extend the deadline for objecting to or requesting exclusion from the Settlement.

14. All proceedings and all litigation of the Action, other than those pertaining to the administration of the Settlement, are stayed pending the Final Approval Hearing.

15. The Named Plaintiffs and the Settlement Class Members are prohibited and enjoined from prosecuting any Released Claims against Defendants pending the Final Approval Hearing.

16. The requested preliminary approval of the Settlement and the certification of the Settlement Class are undertaken on the condition that they shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by the Court, or any appellate court and/or other court of review in which event the Settlement Agreement, and the fact that it was entered into, shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any party of liability or non-liability or of the certifiability of a litigation class or the appropriateness of maintaining a representative action.

17. The Court will conduct a Final Approval Hearing in July 2022, where it will make a determination on: (i) whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (ii) the amount of attorneys' fees and costs that should be awarded to Class Counsel; and (iii) the amount of the Class Representative Service Award that the named Plaintiff should receive. The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines without further notice to the Settlement Class Members.

18. Plaintiff's Motion for Final Approval of the Settlement, and Class Counsel's motion for an award of attorneys' fees and costs, will be filed prior to the Final Approval Hearing, and the Parties and the Settlement Administrator will comply with the following schedule for the Settlement Administration and final approval process, based on a preliminary approval date of February 1, 2022 (with the dates to be adjusted accordingly based on the date of this Order and the date of the Final Approval Hearing, and if any date falls on a Saturday, Sunday, or legal holiday, the actual date shall be the next day that is not a Saturday, Sunday, or legal holiday):

| Due Date | Activity |
|---|---|
| Preliminary Approval Hearing Date | Not necessary as determined by the Court. |
| February 1, 2022 | Order Granting Plaintiff's Unopposed Motion for Preliminary Approval |
| February 15, 2022 | Defendant provides the Class Information for the Class Members to Settlement Administrator (14 days from Preliminary Approval) (proposed dates based on Order Granting Preliminary Approval being entered on February 1, 2022) |
| March 1, 2022 | Settlement Administrator to mail Class Notice to the Class Members. (No later than 14 days from receiving the Class Information) |
| March 21, 2022 | Deadline for Class Members to inform Settlement Administrator of Disputes regarding Individual Settlement Amounts (in the manner provided in the Settlement Agreement) |
| April 15, 2022 | Deadline for Class Counsel to File Motion for Approval of Attorneys' Fees, Litigation and Settlement Administration Expenses, and Class Representative Service Award ("Fees Motion") <br><br> To be noted for hearing on Date of Final Approval Hearing |
| April 15, 2022 | Last day for Class Members to Object to the Settlement (45 days from Initial Mailing of Class Notice) |
| April 15, 2022 | Last day for Class Members to submit a Request for Exclusion (45 Days from Initial Mailing of Class Notice). |
| June 15, 2022 | Deadline for Class Counsel to File Motion for Final Approval of the Settlement, Declaration from Administrator, and Supplemental Documents for Fees Motion |
| July 12, 2022 @ 1:30 pm | Final Approval Hearing |

19. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of before entering into the Settlement Agreement. The Court's findings are for purposes of certifying a settlement class and to settle the matter and will not have any claim or issue preclusion or estoppel effect in any other action against Defendants, or in this action, if the Settlement is not finally approved.

**IT IS SO ORDERED.**

Dated: February 1, 2022

/s/ Janet T. Neff
HON. JANET T. NEFF
United States District Judge