## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

**KENDRA BAKER** individually, and on
behalf of others similarly situated,

        Plaintiff,

vs.

**GLOBAL RESPONSE NORTH
CORPORATION**, a Michigan corporation;
**GLOBAL RESPONSE NORTH LLC**, a
Michigan Limited Liability Company, and
**GLOBAL RESPONSE LLC**, a Michigan
Limited Liability Company,

        Defendants.

Case No. 2:21-cv-00073-JTN-MV

Hon. Janet T. Neff

Mag. Maarten Vermaat

---

### ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
### APPROVAL OF SETTLEMENT AND OTHER RELATED RELIEF

The Court has reviewed and considered the Unopposed Motion for Final Approval of
Settlement and Other Related Relief ("Motion" or "Motion for Final Approval"), as well as the
Unopposed Motion for Approval of Class Counsel's Fees and Costs and Class Representative
Service Awards (ECF No. 37), submitted by Plaintiff Kendra Baker ("Plaintiff"), on behalf of
herself and similarly situated employees of Defendants Global Response North Corporation,
Global Response North, LLC, and Global Response LLC ("Defendants") (together, the "Parties").

On February 1, 2022, the Court preliminarily approved the Parties' Settlement Agreement
and their proposed resolution of Plaintiff's class and collective action claims on behalf of the Class
Members. (ECF No. 36.) A copy of the Settlement Agreement ("Settlement Agreement" or
"Agreement") is attached to this Order as **Exhibit 1**.

In accordance with the order granting preliminary approval, and in compliance with due
process, the notice administrator sent the Court-approved Notice (ECF No. 34-1) to each of the

Settlement Class Members by U.S. Mail and email (to the extent Defendants had a valid email address for the Class Members). The Notice informed the Settlement Class Members of:

1) the terms of the Settlement Agreement;

2) their right to participate in the Settlement;

3) their right to object to the Settlement Agreement and the procedure for doing so;

4) their right to request exclusion from the Settlement and the procedure for doing so;

5) that unless they filed a request to be excluded from the Settlement they would a) become Settlement Class Members; b) receive Individual Settlement Awards under the Agreement; c) be bound by the release of claims set forth in the Notice and the Settlement Agreement; and d) thereby opt into the FLSA Settlement Collective and release the FLSA claims if they cashed their Individual Settlement Award check for the FLSA payment;

6) a general explanation for how the Individual Settlement Awards would be calculated; and

7) their right to appear in person at the Final Settlement Approval Hearing regarding final approval of the Agreement.

The Motion seeks final approval of the Settlement Agreement and that the Court confirm and approve as final: (1) certification of the Settlement Class and FLSA Collective under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and 29 U.S.C. § 201 *et seq*., both of which were certified in the Court's Preliminary Approval Order; (2) final appointment of Plaintiff Baker as the representative ("Class Representative") for the Class Members, and Class Counsel as counsel for the Class Members; (3) Class Counsel's fees and litigation expenses; (4) the incentive award for the Class Representative; and (5) the expenses paid to the third-party Settlement Administrator.

Having received and considered Plaintiff's Unopposed Motion for Preliminary Approval of the Settlement; Plaintiff's Motion for Approval of Class Counsel's Fees and Cost and Class Representative Service Awards, and Plaintiff's Motion for Final Approval; that there were no objections to the Settlement and just three requests for exclusion from the Settlement; the file in

this case; and the evidence and argument received by the Court before entering the Order granting preliminary approval and before and at the Final Settlement Approval Hearing, **THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

1.      Initial-capitalized terms in this Final Approval Order and Judgment (the "Order") shall have the same meaning as assigned to them in the parties' attached Agreement.

2.      The notice administrator has fulfilled its initial notice and reporting duties under the Settlement.

3.      The Notice to the Settlement Class Members: (i) was the best practicable notice under the facts and circumstances of this case; (ii) was reasonably calculated to apprise the Settlement Class Members of the pendency of the Action, their right to participate in the settlement Agreement, their right to exclude themselves from the Agreement, and their right to object to, and/or appear at the Final Settlement Approval Hearing; and (iii) constituted due, adequate, and sufficient notice of a class/collective settlement under Federal Rule of Civil Procedure 23, 29 U.S.C. §§ 201, *et seq*., due process, and any other applicable rules or law.  Only three individuals asked to exclude themselves from the Agreement, and there were no objections to the Settlement Agreement.

4.      The terms of the Settlement Agreement are fair, reasonable and adequate, and the standards and applicable requirements for final approval of this class and collective action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure and the provisions of 29 U.S.C. §§ 201, *et seq*.

5.      The Agreement has been reached as a result of intensive, serious, and non-collusive, arms-length negotiations and was achieved with the aid of an experienced mediator. The Agreement was entered into in good faith as to each Settlement Class Member.

6. Counsel for the Settlement Class are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable, and adequate.

7. The Court has considered the factors set forth in *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) and *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 894 (6th Cir. 2019), including: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. Based on these considerations, the Court finds that the amounts to be paid under the Agreement are fair and reasonable. Moreover, the allocation of the Net Settlement Amount among the Settlement Class Members is fair, adequate, and reasonable. The fact that a settlement represents a compromise of the Parties' respective positions, rather than the result of a finding of liability at trial, also supports the Court's decision granting final approval.

8. The Court appoints counsel for the named Plaintiff as representatives of, and as counsel ("Class Counsel") for, the Settlement Class Members for the purpose of entering into and implementing the Agreement.

9. The Settlement Administrator is to execute the distribution of proceeds of the Agreement amount pursuant to the terms of the Agreement.

10. As of the Effective Date, the Settlement Class Members who did not opt out of the Agreement are bound by the release of claims set forth in paragraph 37 of the Agreement, and Named Plaintiff Kendra Baker is bound by the general release of claims set forth in paragraph 38 of the Agreement.

11. The fees, expenses, and any other costs of Rust Consulting in administering the

Agreement of **$15,000.00**, are fair and reasonable. Payment of that amount shall be paid out of the Gross Settlement Fund in accordance with the Agreement, which shall fully, finally and completely compensate Rust Consulting for all fees, expenses and any other costs in administering the Settlement.

12.    Based upon application by Plaintiff's Counsel and Plaintiff, the Court approves the payment of an incentive award in the amount of **$4,000.00** to the Plaintiff Kendra Baker (in addition to any recovery she may receive as a Settlement Class Member under the Settlement) in recognition of her efforts and the risks she undertook in prosecuting this Action.

13.    Based upon application by Plaintiff's Counsel, the Court approves the payment of attorneys' fees to Plaintiff's Counsel in the amount of **33.33%** of the Gross Settlement Fund, i.e. **$133,333.33**; litigation costs to Plaintiff's Counsel in the amount of **$12,479.55**, pursuant to the Notice Packet sent to Settlement Class Members advising them that such costs would be up to $15,000.000; and Settlement Administration Expenses in the amount of **$15,000.00**, to be paid in the manner set forth in the Settlement. No other attorneys or law firms shall be entitled to any award of attorneys' fees or costs from Defendants in any way connected with this litigation.

14.    The Agreement and this final approval Order shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings to the extent any such lawsuits or other proceedings include any claims of the Plaintiff or any claims of the Settlement Class Members that are subject to the releases set forth in the Agreement, whether those lawsuits or proceedings are maintained by or on behalf of Plaintiff or the Settlement Class Members, or to the extent the claims would otherwise be barred by principles of *res judicata*. The Agreement and this Order shall be binding on the Plaintiff, the Opt-in Plaintiffs, the Settlement Class Members, their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents,

assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

15. The Plaintiff and the Settlement Class Members are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims they released in the Agreement.

16. This Order shall be entered forthwith, dismissing this lawsuit with prejudice.

17. Without affecting the finality of this Order, the Court retains continuing jurisdiction over the Plaintiff, Defendants, and the Settlement Class Members as to all matters concerning the administration, consummation, and enforcement of this settlement Agreement and Order.

18. If this Order is reversed on appeal or the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void and this Order and this Court's Preliminary Approval Order shall be treated as void. In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of the Settlement Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed, except that any costs already incurred by the Settlement Administrator shall be paid by equal apportionment among the Parties.

**IT IS SO ORDERED.**

Dated:  July 12, 2022

/s/ Janet T. Neff
_____
HON. JANET T. NEFF
United States District Judge